UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JOHN DICZOK,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, JOHN DICZOK, hereby sues the Defendant, CELEBRITY CRUISES, INC. and files this Complaint and alleges:

## THE PARTIES AND JURISDICTION

1.    This is an action seeking damages in excess of $75,000, exclusive of interest, costs, and attorney's fees.

2.    Federal subject matter jurisdiction arises under and is by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. The action also arises under maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1332. This action is being filed in this Court pursuant to the terms and conditions in the passenger ticket contract issued by the Defendant.

1

3. The Plaintiff, John Diczok, is sui juris and is a resident of New York, New York.

4. The Defendant, Celebrity Cruises, Inc., (hereinafter referred to as "Celebrity" or "the cruise line"), is incorporated outside the State of Florida, but does business in the State of Florida and at all times material hereto was and is doing business in Miami Dade County, Florida.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181, or 48.193;

6. The Defendant is subject to the jurisdiction of the Courts of this State and of this United States District Court.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT.** This incident occurred on May 3, 2015.

9. **LOCATION OF INCIDENT.** This incident occurred on the vessel Celebrity *Summit*, a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the incident occurred in the Rendezvous Lounge located on Deck Four of the subject ship.

10. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

11. **DESCRIPTION OF THE INCIDENT.** Celebrity owns and operates eleven cruise ships. On each and every one of the cruise ships, Celebrity manages, maintains, and designs floorplans for various lounges. The subject ship, the Celebrity *Summit*, has one such lounge called the Rendezvous Lounge. The Rendezvous Lounge is located on Deck Four of the ship, in between the Cosmopolitan Restaurant and the Fortune's Casino. Because of the Rendezvous Lounge's location, passengers must walk through the Lounge in order to get to other parts of Deck Four. Because Celebrity is aware of the Rendezvous Lounge's location in between other popular destinations onboard the *Summit*, Celebrity knows that many passengers will be required to walk through the Rendezvous Lounge on any given day. For this reason Celebrity knows it must keep the walkway through the Lounge safe and clear of any hazards.

12. Even though Celebrity is aware of its responsibility to keep the walkway through the Rendezvous Lounge safe and clear of hazards, Celebrity has chosen to utilize dark carpeting and dark tables in this Lounge. In addition, Celebrity has chosen to utilize dark lighting throughout the Lounge.

13. On the date of the subject incident the Plaintiff walked through the Rendezvous Lounge and tripped and fell on a small, dark table which was bolted into the ground and which blended in with the darkly colored carpet. The area surrounding this table was very dimly lit, and there were no chairs in the table's vicinity to otherwise alert the Plaintiff to the table's presence. As a result of Celebrity's negligence, the Plaintiff tripped and fell and has suffered severe, debilitating, and permanent injuries which have required surgery and physical therapy.

## COUNT I
## NEGLIGENCE

14. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

15. **DUTIES OWED BY THE DEFENDANT.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited,* 888 So.2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Carnival,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. CARNIVAL CORPORATION d/b/a*

4

*CARNIVAL CRUISE LINES,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F 3rd 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1319 (11th Cir. 2003).

16. The Defendant breached those duties and was negligent by:

   a. Failing to provide proper lighting in the Rendezvous Lounge;

   b. Failing to properly illuminate and alert passengers to potential tripping hazards such as dark tables;

   c. Failing to place chairs near the dark tables in order to alert passengers of their presence;

   d. Placing small, dark tables in an area of high pedestrian foot traffic;

   e. Selecting darkly colored tables which are camouflaged by the darkly colored carpet;

   f. Failing to properly and reasonably train its employees in the proper methods of monitoring the activities of the people in an area;

   g. Failing to properly and reasonably monitor and control the activities of people in an area, especially an area Defendant knows is an area of high traffic;

   h. Failing to warn passengers of tripping hazards in the Rendezvous Lounge;

   i. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

   j. Providing negligent maintenance to the area or to the premises;

   k. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

   l. Negligently designing the Rendezvous Lounge and its floorplan to allow tripping hazards such as dark tables to be in the walking path of passengers, who are required by Celebrity to walk through the Rendezvous Lounge in order to get to other parts of the ship;

  m. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

  n. Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence; and

  o. Failing to otherwise provide its passengers with a safe place to walk while walking through the Rendezvous Lounge.

17. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

18. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

19. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

20. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

21. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

22. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

23. The Defendant's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to duffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject

incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

                By: *s/ John H. Hickey*
                   **JOHN H. HICKEY, ESQ. (FBN 305081)**
                   Hickey@hickeylawfirm.com
                   **ELIZABETH L. BRYAN, ESQ. (FBN 98893)**
                   ebryan@hickeylawfirm.com
                   Hickey Law Firm, P.A.
                   1401 Brickell Avenue, Ste. 510
                   Miami, Florida 33131-3504
                   Telephone: (305) 371-8000
                   Facsimile: (305) 371-3542
                   *Attorneys for the Plaintiff*