UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21011-CIV-SEITZ/TURNOFF

JOHN DICZOK,

    Plaintiff,

v.

CELEBRITY CRUISES, INC,

    Defendant.
_____/

## ORDER ON OMNIBUS MOTIONS IN LIMINE

THIS MATTER is before the Court on Celebrity's Omnibus Motion in Limine [DE 73] as to five evidentiary issues and Diczok's Omnibus Motion [DE 77] as to four evidentiary issues. Two of the parties' evidentiary issues overlap and are addressed jointly. The rest are addressed separately below.

### A. CELEBRITY'S MOTIONS IN LIMINE

1. Exclusion of Alleged Hearsay Statements of A Celebrity Employee

Celebrity moves to exclude hearsay statements allegedly made by an unidentified "safety officer" shortly after Diczok's fall. According to Diczok, the safety officer said "Who's the area manager, because you know, they're going to get reprimanded because the chairs weren't put back in place." [DE 46 (Diczok Depo.) 73:9-12.] Diczok argues that these statements are admissible as a non-hearsay admission of a Celebrity employee under Rule 801(d)(2)(D).

"Rule 801(d)(2)(D) requires the *proffering party* to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567 (11th Cir. 1991) (emphasis in original). Thus, a motion under Rule 801(d)(2)(D) raises a preliminary issue of fact under Rule 104(a) with the proponent of the statement having the burden of proof. While a name is not strictly

required, a district court should be presented with sufficient evidence to conclude that the declarant was in fact an agent of the opposing party. *Funderburk v. Fannie Mae,* 2015 WL 11216690, at *4 (N.D. Ga. November 16, 2015), *aff'd,* 654 Fed. App'x 476, 477-78 (11th Cir. 2016). A sufficient foundation to support an agent's admissions requires (1) the existence of an agency relationship; (2) that the statement was made during the course of that relationship; and (3) that it relates to a matter within the scope of the agency. *Id.* Although the statements themselves must be considered, they, by themselves, do not establish the agent's authority or the existence or the scope of the relationship as required under Rule 801(d)(2)(C) and (D), respectively.

Here, Diczok maintains that the declarant approached him wearing a uniform with epaulets and identified himself as a safety officer. Diczok's companion, Jean Campbell, testified at her deposition that this same officer directed other employees to replace the chairs [DE 47 (Campbell Depo.) 105:10-15] and later met with Campbell in the Medical Department to fill out a form. *Id.* at 103:19-22. However, Celebrity's corporate representative, Amanda Campos, testified at her deposition that there was only one safety officer onboard the Celebrity Summit on the day of the incident—Andrew Baferos, [DE 52-4 (Campos Depo.) 45:5-10, 16-20], and he was not present in the *Rendevous Lounge* when the incident occurred. *Id.* at 94:20-23. Mr. Baferos only visited the *Rendevous Lounge* after meeting with Diczok in the Medical Department. *Id.* at 94:23-25; 95:1-4.

Because there is a factual dispute as to whether the person who made the alleged statements was the Celebrity "safety officer," and whether the person making the statements did so within the scope of his employment, the motion is taken under advisement. At the Pre-trial Conference, Diczok should be prepared to provide evidence to meet his burden.

### 2. Exclusion of References to Cancer or Related Philanthropic Work

Celebrity moves to exclude as irrelevant all evidence of Diczok's or Ms. Campbell's history of cancer. On the same grounds, Celebrity also moves to exclude evidence of Ms. Campbell's related philanthropic work. Diczok raises no objection with regards to the evidence of cancer. However, he claims that Ms. Campbell's philanthropic work is relevant to her credibility. Diczok has not provided any legal authority to support the relevancy of Ms. Campbell's philanthropic efforts to establish her credibility in this case. Therefore, the motion is GRANTED.

### 3. Exclusion of Evidence on Economic Standing

Celebrity moves to exclude evidence of the parties' economic standing. Diczok does not oppose the motion. Accordingly, the motion is GRANTED.

### B. DICZOK'S MOTIONS IN LIMINE

#### 1. Exclusion of Zdenek Hejzlar's Expert Report

Diczok moves to exclude Celebrity's rebuttal expert Zdenek Hejzlar, arguing that the expert's rebuttal testimony is not relevant in light of the Court's Order Striking Diczok's Expert [DE 69]. Rule 26 permits rebuttal expert testimony where it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Diczok provides no authority to support his contention that a rebuttal expert may only be used to contradict adverse expert testimony. However, Celebrity also fails to articulate how Mr. Hejzlar's testimony will assist the trier of fact. *See United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). Therefore, the Court will take Diczok's motion under advisement. At the Pre-trial Conference, Diczok should be prepared to provide authority to support his position. In addition, Celebrity should be prepared to discuss which issues Mr. Hejzlar will address and how Mr. Hejzlar's testimony will assist the trier of fact.

### 2. Exclusion of Corporate Representative's Testimony Outside Her Personal Knowledge

Diczok moves to exclude "any hearsay statements offered by [Celebrity] . . . and made by the corporate representative in deposition not based on her personal knowledge." However, Diczok fails to articulate which statements he objects to. The Court will not exclude portions of testimony without first having the opportunity to analyze each statement. Therefore, Diczok's motion is DENIED without prejudice. By Tuesday August 1, 2017, Diczok must file a list of the specific statements he seeks to exclude. At the Pre-trial conference, the Court will consider any statements that Diczok provides.

### C. THE PARTIES' OVERLAPPING MOTIONS

#### 1. Evidence on Prior Reported Incidents

Celebrity moves to exclude evidence of prior accidents on board a Celebrity vessel involving fix-mounted tables with the chairs removed. Specifically, Celebrity anticipates, and Diczok confirms, that Diczok will offer evidence of an incident where an individual fell over a fix-mounted table in the *Rendevous Lounge* of another ship. This Court has already found that this separate incident is not sufficiently similar to Diczok's fall to put Celebrity on notice a dangerous condition created by a table-base larger than its table-top. [DE 70 at 4 n.2.] Therefore, the motion is GRANTED.

Separately, Diczok moves to preclude Celebrity from offering evidence on the *absence of* similar incidents prior to Diczok's fall. Under the Federal Rules, all evidence is admissible if it is relevant. Fed. R. Evid. 402. Nonetheless, a district court may exclude relevant evidence if the probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Evidence on the lack of similar incidents is admissible if the offering party lays the proper foundation. *Forrest v. Beloit Corp.*, 424 F.3d 344, 355-56 (3rd Cir. 2005). Courts in this district

and elsewhere have held that such evidence is admissible, "but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Holderbaum v. Carnival Corporation*, 2015 WL 12085846, at *3 (S.D. Fla. March 4, 2015) and *Mullaney v. Hilton Hotels Corp.*, 634 F. Supp. 2d 1130, 1151 (D. Hawaii 2009) (both citing *Pittman v. Littlefield*, 438 F.2d 659, 662 (1st Cir. 1971)).

Here, Celebrity maintains that the *Rendevous Lounge* and its tables have been in the same condition since 2001. This fact alone does not establish a sufficient foundation to allow evidence on the absence of similar incidents. Therefore, the Court will take Diczok's motion under advisement. At the Pre-trial Conference, Celebrity should be prepared to lay the proper foundation for the evidence and discuss how its probative value is not substantially outweighed by any prejudice.

### 2. Exclusion of Collateral Source Benefits and Medical Bills "Written Off" by Heath Care Providers

Diczok moves to exclude evidence of collateral source benefits he received with regards to his medical bills. The collateral source rule prohibits a defendant from offering evidence that a plaintiff was compensated by third-party sources such as health insurance. *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980). Celebrity does not dispute that it is barred from offering such evidence. Therefore, to the extent Celebrity seeks to offer evidence of collateral source benefits, Diczok's motion is GRANTED.

In opposing motions, the parties dispute over whether Diczok may claim damages for the full unreduced amount of medical bills incurred after his fall. Celebrity argues that Diczok may not recover any medical expenses that were not actually and, accordingly, moves to preclude Diczok from offering evidence of any medical expenses "written off" by his health care providers. In response, Diczok argues that such a restriction would violate the collateral source rule. However,

the collateral source doctrine does not govern the amount of medical expenses a plaintiff may claim in damages. An abundance of case law in this District holds that, under general maritime law, recoverable medical expenses are limited those actually paid by the plaintiff. *See, e.g., Szczurko v. Celebrity Cruises, Inc.*, Case No. 1:15-20592-CIV-UU [DE 41]; *Sampson v. Carnival Corporation*, Case No. 1:15-24339-CIV-JLK [DE 47]. Therefore, Celebrity's motion is GRANTED. To the extent Diczok contends in his own motion that he is entitled to recover the full amount of billed medical expenses, his motion is DENIED.

Based on the discussion above, it is

ORDERED THAT

(1) Celebrity's Omnibus Motion in Limine [DE 73] and Diczok's Omnibus Motion [DE 77] are **GRANTED-IN-PART** and **DENIED-IN-PART** as stated above.

(2) Diczok's motions in limine regarding Celebrity's rebuttal expert and Celebrity's evidence on the lack of similar incidents will be addressed at the Pre-Trial Conference.

DONE AND ORDERED in Miami, Florida, this 26th day of July, 2017.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record